1

2

3

4                          UNITED STATES DISTRICT COURT

5                        NORTHERN DISTRICT OF CALIFORNIA

6                                SAN JOSE DIVISION

7

8    THE RECEIVERSHIP ESTATE OF              Case No.   5:22-cv-04756-EJD
     AUDIENCESCIENCE INC., et al.,
9                                            **ORDER DENYING STIPULATION RE**
            Plaintiffs,                      **BILL OF COSTS**
10
            v.                               Re: ECF No. 175
11
     GOOGLE LLC, et al.,
12
            Defendants.
13

14          After the Court granted judgment on the pleadings in favor of Defendants Google LLC and

15   YouTube, LLC, Defendants filed their bill of costs, seeking a total of $296,815.40.  ECF No. 172.

16   Plaintiffs The Receivership Estate of AudienceScience Inc. and Revitalization Partners, L.L.C.

17   objected to $230,134.60 of those claimed costs, arguing that those costs were for document review

18   and therefore not taxable under the statute providing for costs, 28 U.S.C. § 1920.  ECF No. 174.

19   However, before the Clerk of Court was able to make any determination on whether those costs

20   were taxable, the parties filed a stipulation indicating that they had agreed to settle their costs for a

21   total payment of $210,000.00.  ECF No. 175.  While the parties did not itemize the stipulated

22   costs, these costs necessarily include portions of costs for document review that Plaintiffs

23   originally objected to.  Defendants claimed only about $66,000 in non-document review costs, so

24   the stipulated $210,000.00 award of costs must include some document review costs.

25          Although the parties could have sought private settlement of the costs in this case outside

26   of court, they did not do so.  Instead, by filing a stipulation, they sought the Court's imprimatur.

27   And because granting a stipulation gives the parties' agreement the force of a court order, the

28

United States District Court
Northern District of California

United States District Court
Northern District of California

1    Court cannot exceed its authority when granting stipulations.  Here, the Court's authority to award

2    costs is circumscribed by 28 U.S.C. § 1920.  *See also* Civil L.R. 54-3.

3          Defendants claim that document review costs are taxable under 28 U.S.C. § 1920(4) and

4    Civil Local Rule 54-3(d)(2), which allow costs for reproducing or copying discovery documents.

5    As should have been self-evident, though, document review is not document copying.  *In re*

6    *Online DVD-Rental Antitrust Litig.*, 779 F.3d 914, 930–31 (9th Cir. 2015).  Rather, document

7    review involves the "intellectual effort" of deciding whether documents are responsive to

8    particular document requests or not, and sometimes whether a privilege applies even if the

9    document is responsive.  Such "intellectual effort" is not taxable under statute or the Local Rules.

10   *Id.* at 932 (quoting *Zuill v. Shanahan*, 80 F.3d 1366, 1371 (9th Cir. 1996)).

11         Defendants resist this conclusion by pointing to two cases, *Parrish v. Manatt, Phelps &*

12   *Phillips, LLP*, 2011 WL 1362112 (N.D. Cal. Apr. 11, 2011), and *U.S. Ethernet Innovations, LLC*

13   *v. Acer, Inc.*, 2015 WL 5187505 (N.D. Cal. Sept. 4, 2015).  Neither helps.

14         Defendants make much of the language in *Parrish* explaining that "[t]he tasks of collecting

15   client documents, reviewing those documents, and determining which documents are relevant are

16   essential—and often costly—parts of investigation and discovery."  *Parrish*, 2011 WL 1362112,

17   at *2.  True enough.  But not every essential litigation task is a taxable cost, and *Parrish* did not so

18   hold.  Rather, the *Parrish* court was identifying essential litigation tasks because § 1920(4) only

19   permits recovery of "the costs of making copies of any material where the copies are *necessarily*

20   *obtained for use in the case*."  28 U.S.C. § 1920(4) (emphasis added).  That is, where copies were

21   made in service of essential litigation tasks, the costs of making those copies (but not the costs of

22   the essential litigation tasks generally) are taxable.  So, while "reproduction costs [] incurred in

23   collecting reviewing, and preparing client document for production" are "necessary expenditures"

24   that are taxable, document review costs as a whole are not.  *Parrish*, 2011 WL 1362112, at *2.

25   *U.S. Ethernet* likewise does Defendants no good because it relies on the misreading of *Parrish* that

26   the Court rejected above.  *U.S. Ethernet*, 2015 WL 5187505, at *5.

27         As a final effort to justify taxing document review costs, Defendants cite to instructions in

28
     Case No.: 5:22-cv-04756-EJD

1   the Northern District of California's bill of costs form, which provides that "document coding" is

2   "generally considered taxable."  Setting aside that use of the word "generally" leaves open

3   situations where document coding would not be taxable, the Court does not find the instructions in

4   the bill of costs form to be any form of authority on which this Court may rely, either binding or

5   persuasive.  The availability of costs is governed by § 1920, and the Defendants have provided no

6   good explanation for why document review could even plausibly fall under § 1920(4) allowance

7   for "fees for exemplification and the costs of making copies."  28 U.S.C. § 1920(4).

8          Accordingly, the Court DENIES the parties' stipulation.  The Clerk shall enter the taxation

9   of costs allowed.

10         **IT IS SO ORDERED.**

11   Dated: October 28, 2024

EDWARD J. DAVILA
United States District Judge

United States District Court
Northern District of California